MARK MILLMAN
#27913-509
FCI Pekin
P.O. Box 5000
Pekin, IL 61555

Pro Se

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| UNITED STATES OF AMERICA, | CASE NO.: |
|---|---|
| Plaintiff, | |
| v. | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF |
| MARK MILLMAN, | DEFENDANT'S MOTION TO VACATE, SET |
| Defendant. | ASIDE, OR CORRECT SENTENCE |

## I. INTRODUCTION

Defendant, Mark Millman (Hereinafter, Defendant) moves this court to vacate or set aside his sentence, pursuant to 28 U.S.C. §2255, for a violation of his Sixth Amendment rights.

Specifically, Defendant's counsel is alleged to have provided ineffective assistance for not explaining that the Government would be unable to prove the elements of the production charge, and for failing to file a motion to suppress statements obtained in violation of the Fifth Amendment.

## II. BACKGROUND

On or about March 15, 2021, Defendant was indicted for the production of child pornography, 18 U.S.C. §2251(a), and the receipt and distribution of child pornography, 18 U.S.C. §2252(a)(2).

On or about Sept. 5, 2021, Defendant plead guilty to both charges and was sentence to a total of thirty-five years imprisonment.

## III. THE LAW

"28 U.S.C. §2255 provides that a federal prisoner 'may move the court which imposed [his] sentence to vacate, set aside, or correct the sentence' if the sentence was imposed in violation of the Constitution or laws of the United States.'" Russo v. United States, 902 F.3d 880, 882 (8TH Cir. 2018)(quoting 28 U.S.C. §2255(a))(alteration in original).

A §2255 motion is the federal counterpart to motions brought under 28 U.S.C §2254, Mountain v. United States, 774 Fed. Appx. 317, 321 (8TH Cir. 2019)(Unpublished), and provides a remedy for jurisdictional and Constitutional errors[.]" Sun Bear v. United States, 644 F.3d 700, 704 (8TH Cir. 2011)(Brackets mine).

"An error of law may be remedied under §2255 only when it 'constitute[s] a fundamental defect which inherently results in a complete miscarriage of justice.'" Raymond v. United States, 933 F.3d 988, 991 (8TH Cir 2019). (quoting United States v. Addonizio, 442 U.S. 178, 185

(1974))(Brackets in original)

A §2255 petitioner "is entitled to an evidentiary hearing '[u]nless the motion and the files and records of the case conclusively show that [he] is entitled to no relief.'" Jackson v. United States, 956 F.3d 1001, 1006 (8TH Cir. 2020)(quoting 28 U.S.C. §2255)(alterations in original).

## IV ARGUMENTS

### A. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR FAILURE TO INVESTIGATE

"The Sixth Amendment guarantees to each criminal defendant 'the Assistance of counsel for his defense.'" McCoy v. Louisiana, 138 S. Ct. 1500, 1507 (2018)

"'The standard set forth in Strickland v. Washington, 466 U.S. 668 [] (1984), provides the framework for evaluating [] ineffective assistance of counsel claim[s].'" O'Neil v. United States, 966 F.3d 764, 770 (8TH Cir. 2020) (quoting Anderson v. United States, 762 F.3d 787, 792 (8TH Cir. 2014))(alterations mine). In "review[ing] claims of ineffective assistance under Strickland's two-part test, [a petitioner must] show that counsel's performance fell below professional norms and that, as a result of that deficient performance he was prejudiced." Donelson v. Steele, 16 F. 4TH 559, ___, 2021 U.S. App. LEXIS 32033, 16 (8TH Cir. October 22, 2021) (quoting Gabaree v. Steele, 792 F.3d 991, 996 (8TH Cir. 2015)(alterations mine).

"Deficient performance is that which falls below the range of competence demanded of attorneys in criminal cases." O'Neil, supra (quoting Bass v. United States, 655 F.3d 758, 760 (8TH Cir. 2011)(internal quotations omitted). "Surmounting Strickland's high bar is never an easy task." McLaughlin v. Precythe, 9 F.4TH 819, ___, 2021 U.S. App. LEXIS 24602, 13 (8TH Cir. March 17, 2021) (quoting Padilla v. Kentucky, 559 U.S. 356, 371 (2010)). "While 'strategic choices made after thorough investigation of law and facts relevant to plausable options are virtually unchallengeable, 'strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Id (quoting Strickland, 466 U.S. at 690-691). In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. Id at 13-14 (quoting Strickland, 466 U.S. at 691). "In assessing counsel's investigation, [the court] must conduct an objective review of their performance, measured for reasonableness under prevailing professional norms, which includes a context-dependent consideration of the challenged conduct as seen from counsels perspective at the time." Id at 9-14 (quoting Wiggins v. Smith, 539 U.S. 510, 523 (2003)). Counsel should be

strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id (quoting Strickland, 466 U.S. at 690). The burden of rebutting this presumption rests squarely on the defendant." Id (quoting Dunn v. Reeves, 141 S. Ct. 2405, 2410 (2021))(citation omitted)

"To show prejudice, [t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Donelson, 16 F.4TH 559, 2021 U.S. App LEXIS 32033 at 24 (quoting Strickland, 466 US at 694). "This standard is less onerous than the preponderance-of-the-evidence standard." Id (quoting Strickland, supra). "The likelihood of a different outcome, however, must be substantial, not just conceivable." Id (quoting Harrington v. Richter, 562 U.S. 86, 112 (2011)).

"Miranda [v. Arizona, 384 U.S. 436, 444 (1966),] requires that before custodial interrogation, a person be advised of their right to be free from compulsory self-incrimination and to assistance of counsel." United States v. Thompson, 976 F.3d 815, 823 (8TH Cir. 2020). "The Fifth Amendment requires that Miranda Warnings be given when a person is interrogated by law enforcement after being taken into custody." United States v. Smialek, 970 F.3d 1070,

1073 (8TH Cir. 2020)(quoting United States v. Giboney, 863 F.3d 1022, 1027 (8TH Cir. 2017)).

Here, Defendant was advised of his rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966), thus, it is not disputed that he was in custody. "Once an accused who is in custody expresse[s] his desire to deal with the police only through counsel, he shall not be 'subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police.'" United States v. Jackson, 852 F.3d 764, 770 (8TH Cir. 2016)(quoting Edwards v. Arizona, 451 U.S. 477, 484-485 (1981).

"Interrogation occurs when a law enforcement officer engages in 'either express questioning or its functional equivalent,' which includes 'any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." Id at 771 (quoting Rhode Island v. Innis, 446 U.S. 291, 300-301 (1980)). "[O]nly a clear and unequivocal request for the assistance of counsel may serve to invoke a defendant's right." United States v. Giboney, 863 F.3d 1022, 1029 (8TH Cir. 2017) (quoting United States v. Kelly, 329 F.3d 624, 630 (8TH Cir. 2003))(Brackets mine). "While a defendant is not required to speak with the discrimination of an Oxford don, [the defendant] must articulate his

desire to have counsel present sufficiently clear that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney." Id (quoting Davis v. United States, 512 U.S. 452, 459 (1994)).

In the case at bar, Defendant asked for an attorney twice. The interview, however, did not stop. Rather, they asked Defendant if he had an attorney that he could call right then and if that attorney could be there right then. When Defendant said no, they continued to question.

While "officers may continue to make 'limited and focused inquiries ... attendant to [a] legitimate police procedure," after "a suspect invokes the right to counsel", the questioning cannot call "for any incriminating response." Id (quoting Pennsylvania v. Muniz, 496 U.S. 582, 605 (1990)(Brackets in original).

After Defendant clearly requested counsel, the police continued asking incriminating responses. Questions designed to draw a response that would incriminate Defendant.

Any reasonable attorney would have challenged such a Sixth Amendment violation. As Defendant's counsel did not, he was constitutionally ineffective.

Prejudice is just as clear. Had counsel challenged the Sixth Amendment violation, the incriminating statements would have been suppressed.

## B. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR FAILURE TO INFORM DEFENDANT OF COUNSEL'S BURDEN IN PROVING THAT THE IMAGES WERE OF CHILD PORNOGRAPHY.

"The Fifth Amendment require[s] that the government prove 'all elements of the offense charged ... beyond a reasonable doubt.'" United States v. McDaniel, 925 F.3d 381, 391 n.4 (8th Cir. 2019)(quoting Sullivan v. Louisiana, 508 U.S. 275, 277-278 (1993)).

Here, the Defendant was charged with, in part, the production of child pornography.

"To convict a defendant of sexual exploitation of a child and production of child pornography, the jury must find that 'the child named in the indictment was under the age of eighteen during the time period alleged in the indictment, that the defendant acted with the purpose of producing a visual depiction of the conduct, and that the materials used to produce the visual depiction were mailed, shipped, or transported, including by computer, in interstate or foreign commerce.'" United States v. Davenport, 910 F.3d 1076, 1080 (8th Cir. 2018)(quoting United States v. Wallace, 713 F.3d 422, 428 (8th Cir. 2013)).

Defendant does not dispute that a visual depiction was produced, that the child in the visual depiction was under the age of eighteen when the visual depiction was produced, or that the visual depiction was produced using materials that had at one time been mailed, shipped or transported in interstate or

foreign commerce. Defendant does dispute that the visual depictions were child pornography.

18 U.S.C. § 2256(8) defines "child pornography as any visual depiction... of sexually explicit conduct, where (A) the production of the visual depiction involves the use of a minor engaged in sexually explicit conduct[.]" (alterations mine). 18 U.S.C. § 2256(1) defines a "minor" as "any person under the age of eighteen years." "Sexually explicit conduct", as defined in 18 U.S.C. § 2256(2)(A) means "actual or simulated (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of any person."

The visual depictions were clearly not of any conduct described in i-iv.

"An image is lascivious 'only if it is sexual in nature.'" United States v. Lohse, 797 F.3d 515, 520 (8TH Cir. 2015)(quoting United States v. Kemmerling, 285 F.3d 644, 644, 646(8TH Cir. 2002)). "'[M]ore than mere nudity is required before an image can qualify as lascivious within the meaning of the [child pornography] statute.' United States v. Petroske, 928 F.3d 767, 772 (8TH Cir. 2019)(quoting Kemmerling, 285 F.3d at 645-646)

In the case at bar, the alleged visual depictions

were of non-sexual family memories of Defendant's children playing in the bathtub. Family moments of the type that mothers and fathers have been recording on images or video for decades.

"The third Circuit, in explaining the concept of 'mere nudity', stated that '[n]o one seriously could think that a Renoir painting of a nude woman, or an innocuous family snapshot of a naked child in the bathtub violates the child pornography laws." United States v. Johnson, 639 F.3d 433, 439 (8th Cir. 2011)(quoting United States v. Knox, 32 F.3d 733, 750 (3d Cir. 1994)(Brackets in original).

The images that the government used to convict the Defendant and his wife of the production of child pornography, were not of child pornography, as defined by statute.

Counsel should have told the defendant that the images were not child pornography. In not doing so, Counsel was constitutionally ineffective.

Because the charge would have been thrown out, prejudice is clear.


## V CONCLUSION

Defendant was convicted of possessing and producing child pornography. These convictions were obtained in violation of the Sixth Amendment and the Fifth Amendment.

The Constitutional Protections offered to

Defendants in criminal cases are important to this countries criminal justice system. Constitutional violations of such magnitude as shown here threaten the values and rights that our founders fought for and codified into the Bill of Rights.

As such, this court must vacate the defendant's conviction. To do otherwise would be to spit in the face of our founding fathers and nullify the important values made available to Americans via the Bill of Rights.

Defendant also asks for counsel and an evidentiary hearing, as is his right.

## VI DECLARATION

I, Mark Millman, declare, under the penalty of perjury, that the foregoing is true and correct, and that this declaration was executed at the Federal Correctional Institution, in Pekin, Illinois, on December 1, 2022.

MARK MILLMAN, DEFENDANT
PRO SE

MARK MILLMAN 27762501
FEDERAL CORRECTIONAL INSTITUTION
PO BOX 5000
PEKIN, IL
61555

US DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ATT: JUDGE WIMES
222 N JOHN Q. HAMMONS PARKWAY
ROOM 1400
SPRINGFIELD, MO 65806

LEGAL MAIL

RECEIVED
JAN 20 2023
FCI PEKIN MAIL ROOM

REC'D JAN 2 2023

Envelope scan with "RECEIVED" stamps dated 2023 JAN 26 PM 2:08 from CLERK, U.S. DISTRICT COURT, WESTERN DISTRICT OF MO, KANSAS CITY, MO. Return address: U.S. District Court, Office of the Clerk, Charles Evans Whittaker Courthouse, 400 E. Ninth Street, Kansas City, MO 64106.